```
                                        ┌─────────────────────────────┐
                                        │ USDC SDNY                   │
                                        │ DOCUMENT                    │
UNITED STATES DISTRICT COURT            │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK           │ DOC #:_____       │
- - - - - - - - - - - - - - - - - - X  │ DATE FILED: DEC  5  2017    │
                                     :  └─────────────────────────────┘
UNITED STATES OF AMERICA             :
                                     :  SUPERSEDING
          - v. -                     :  INFORMATION
                                     :
GERALD SEPPALA,                      :  S5 16 Cr. 436 (KMW)
                                     :
               Defendant.            :
                                     :
- - - - - - - - - - - - - - - - - - X
```

COUNT ONE

(Conspiracy to Commit Bank Larceny)

The United States Attorney charges:

1. From at least in or about 2012 up to and including in or about June 2016, in the Southern District of New York and elsewhere, GERALD SEPPALA, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 2113(b).

2. It was a part and an object of the conspiracy that GERALD SEPPALA, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly took and carried away, with intent to steal and purloin, property, money, and a thing of value not exceeding $1,000 belonging to, and in the care, custody, control, management, and possession of a bank, credit union, and savings and loan association, to wit SEPPALA agreed

with others to fraudulently induce individuals to invest in the production and marketing of feature-length films by, among other things, promising the individuals guaranteed returns and profits and misrepresenting the amount of funding already contributed, and further agreed with others to steal the invested funds, which were held by banks, for the personal benefit of SEPPALA and his co-conspirators.

## Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about April 15, 2013, GERALD SEPPALA, the defendant, sent an e-mail to a victim of the scheme ("Victim-1") attaching an e-mail from a co-conspirator ("CC-1") and containing what appeared to be a confirmation of a wire transfer of $500,000 from a bank account controlled by CC-1 into a bank account controlled by SEPPALA and held at Bank of America ("Account-1").

    b. On or about April 26, 2013, in reliance in part on the representations contained in SEPPALA's April 15, 2013

e-mail, Victim-1 directed an employee to wire $500,000 to Account-1.

(Title 18, United States Code, Section 371.)

### FORFEITURE ALLEGATION

4. As a result of committing the offense alleged in Count One of this Information, GERALD SEPPALA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### SUBSTITUTE ASSETS

5. If any of the above-described forfeitable property, as a result of any act or omission of GERALD SEPPALA, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

3

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        .(Title 18, United States Code, Section 982;
         Title 21, United States Code, Section 853; and
         Title 28, United States Code, Section 2461.)

*[signature: Jon Kim]*
JOON H. KIM
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

v.

GERALD SEPPALA,

　　　　　　　　　　Defendant.

**SUPERSEDING**
**INFORMATION**

S5 16 Cr. 634 (KMW)

(18 U.S.C. §§ 371.)

　　　　　　　　　　JOON H. KIM
　　　Acting United States Attorney.

12/5/17 DEFT SEPPALA PRES W/ATTY MINER
AUSA REILLY.
DEFT WAIVES INDICTMENT ENTERS PLEA OF
GUILTY TO CT1 OF INFORMATION
J. COTT RECOMMENDS THAT J. WOOD ACCEPT PLEA
PSR ongoing. Control date 4/5/18
BAIL CONTD.

　　　　　　　　　　COTT, USMJ