UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 16 CR. 436 (KMW) |
| -v- | : | |
| STEVEN BROWN, | : | **AFFIRMATION IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE OR, ALTERNATIVELY, TO TRANSFER THE CASE** |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WALTER MACK, an attorney duly licensed to practice law before the courts of the State of New York and this court, under the penalties of perjury, affirms and states, based upon my review of records and upon information and belief, as follows:

1. I represent the Defendant Steven Brown in the above-captioned matter. I submit this Affirmation in support of the Motion to Dismiss the Superseding Indictment for Lack of Venue, or, Alternatively, to Transfer the Case Pursuant to Fed. R. Crim Procedure 21(b).

2. Nearly all relevant fact witnesses live outside of New York:

- Victim-2 is a resident of Wyoming with a home in Louisiana and all meetings regarding his film investments took place in California (with subsequent meetings after he had invested taking place in Louisiana and Las Vegas). He has commenced civil litigation against Mr. Williams, Mr. Brown and others in federal court in the Central District of California.

- Victim 3 lives in California and all dealings with Mr. Brown occurred in California. He has commenced civil litigation against Mr. Williams, Mr. Brown and others in California Superior Court in the County of Los Angeles.

- Victim-4 lives in Minnesota and met exclusively with Mr. Brown in California.

- Victims 5 and 6 live in California, dealt with Williams and Brown in California, and were creditors against Mr. Williams in a California bankruptcy proceeding

- Victims 7 and 8 were clients of Mr. Sepalla, who resided in Minnesota and had no contact whatsoever with the state of New York.

- Victim-9 lives in California and is suing Mr. Brown and others in California Superior Court, County of Los Angeles. In his California lawsuit, Victim-9 alleged in connection with his initial decision to invest in Special Events Productions that "[m]ost if not all" of his discussions with Mr. Brown and CC-1 "took place in Santa Monica at his office or near the office."

- The only alleged victim on the East Coast, Victim-1, resides in New Jersey. As noted above, all interactions with this individual took place in 2009-2010, and any charges premised on those interactions is barred by the statute of limitations and by the fact it involved a separate conspiracy that ended when Victim-1 sued Mr. Brown in New York State Court, ultimately reaching a settlement and releasing all his claims in exchange for certain movie rights.

- Mr. Brown resides in California.

- Mr. Brown's civil counsel, who is defending against many of the civil lawsuits brought by the purported victims and may testify in this case, is located in California

- Mr. Williams resides in California and all his interaction with Mr. Sepalla were in California.

3. Attached hereto as Exhibit A is an excerpt of the civil complaint filed by Victim-9 in Superior Court of the State of California, County of Los Angeles, which in its factual allegations describes the location of relevant discussions that prompted him to invest in the purported film project.

Dated: New York, New York
January 29, 2018

       /s/
Walter Mack, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
212-619-3730
*Attorney for Defendant Steven Brown*

# EXHIBIT A

```
                                               CONFORMED COPY
                                                 ORIGINAL FILED
                                              Superior Court of California
                                                County of Los Angeles
```

1 | Benjamin N. Gluck - State Bar No. 203997     **JUL 25 2017**
    bgluck@birdmarella.com
2 | Patricia H. Jun - State Bar No. 277461     Sherri R. Carter, Executive Officer/Clerk
    pjun@birdmarella.com     By: Tom G. Holmes, Deputy
3 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
4 | 1875 Century Park East, 23rd Floor     **CASE MANAGEMENT CONFERENCE**
    Los Angeles, California 90067-2561
5 | Telephone: (310) 201-2100     11-27-17
    Facsimile: (310) 201-2110
6 |     8:30am     Date   Judge C. Karlan

Attorneys for Plaintiff Rand McClain

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, WEST DISTRICT**

| | |
|---|---|
| Victim-9, an individual, | CASE NO. |
| Plaintiff, | COMPLAINT FOR: |
| vs. | (1) Fraud;<br>(2) Conversion; |
| STEVEN BROWN, an individual,<br>CC-1, an individual,<br>SPECIAL EVENTS PRODUCTIONS,<br>INC., a Delaware corporation, and DOES<br>1-10, INCLUSIVE | (3) Conspiracy to Commit Fraud and<br>Conversion;<br>(4) Breach of Oral Contract;<br>(5) Unjust Enrichment; and<br>(6) Unfair Business Practices. |
| Defendants. | DEMAND FOR JURY TRIAL |

    Plaintiff, Victim-9 herein, by and through his undersigned counsel, alleges as follows in his Complaint against Defendants Steven Brown ("Brown"), CC-1, Special Events Productions, Inc. ("SEPI") and DOES 1-10 (collectively, "Defendants"):

**JURISDICTION AND VENUE**

    1.    This Court has personal jurisdiction over Defendants Brown and CC-1 because they reside in California. This Court has personal jurisdiction over Defendant SEPI because it does business in California and is an alter ego entity of one or both of the individual defendants. Venue is proper in this county because the events occurred in this

1. county and at least one Defendant resides in this county or has its principal place of business in this county.

## THE PARTIES

2. Plaintiff is, and at all times material to this action was, an individual residing in Los Angeles, California.

3. Upon information and belief, Brown is, and at all times material to this action was, an individual residing in Los Angeles, California.

4. Upon information and belief, CC-1, is, and at all times material to this action was, an individual residing in Orange County, California.

5. Upon information and belief, SEPI is, and at all times material to this action was, a corporation organized under the laws of the State of Delaware, doing business in California. Plaintiff alleges, upon information and belief, that Defendant CC-1 and his wife           , are the owners of SEPI, and Defendant Brown is involved in operating SEPI.

6. Furthermore, Plaintiff alleges, upon information and belief, that SEPI is an alter ego entity for Brown and/or CC-1, as Brown and/or CC-1 do not observe corporate formalities and treat SEPI funds as their own personal funds. Therefore, adhering to the fiction of the separate existence of SEPI as an entity distinct from Brown and CC1 would permit an abuse of the corporate privilege and would sanction fraud, as set forth in this complaint.

7. Plaintiffs do not know the true names and capacities, whether individual, corporate, associate or otherwise of DOES 1-10. Plaintiffs therefore sue such defendants by such fictitious names and will ask leave of this court to amend this Complaint to show their true names and capacities when the same has been ascertained. Each defendant named herein as a DOE is in some way liable to Plaintiffs for the causes of action alleged herein.

///
///

## FACTUAL ALLEGATIONS

8. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

9. Plaintiff is a physician residing and working in Los Angeles County.

10. Plaintiff first met Brown in or around December 2015 when Brown became a patient of Plaintiff's at Plaintiff's office in Santa Monica, California.

11. Brown introduced CC-1 to Plaintiff in or around July 2016.

12. In 2016, Brown and CC-1 made fraudulent statements to Plaintiff about a potential investment opportunity in their company, SEPI, which they claimed was involved in creating movies. Specifically, Brown and CC-1 claimed that SEPI was involved in producing the film "The First Man In" and other films and that any investment into SEPI would result in a return of one hundred and fifty percent or more, with weekly interest of one percent and monthly distributions. Brown and CC-1 further promised that Plaintiff would be able to get his money back at any time within five days of requesting the return of the money. Most or all of these discussions took place in Santa Monica at Plaintiff's office, or near the office.

13. Based on Brown and CC-1's fraudulent representations, Plaintiff transferred an initial $100,000.00 to SEPI on July 28, 2016 by wire transfer.

14. Based on further false statements by Brown and CC-1, on September 10, 2016, Plaintiff paid for the purchase of a 2017 Mercedes vehicle which, upon information and belief, CC-1 is currently driving. The price Plaintiff paid for the Mercedes, a total of $94,008.00, was to be repaid in full a week after the purchase.

15. Defendants never paid Plaintiff back for the purchase of the 2017 Mercedes, nor did they return the vehicle to Plaintiff. Brown and CC-1 later told Plaintiff that the debt for the $94,008.00 Plaintiff paid for the Mercedes vehicle would be treated as an investment into SEPI under the same terms as the previous investment.

16. Brown and CC-1 continued to reassure Plaintiff that his investments were safe and were accruing money that would be paid out to him shortly. Brown and CC-1

excused the absence of monthly payouts by making false excuses about business and family commitments that would be resolved shortly. Brown and CC-1 also provided Plaintiff with falsified documentation regarding the production of the movie "The First Man In" that Plaintiff believed he was investing in through his payments to Defendants.

17. Through their false statements to Plaintiff, Defendants induced Plaintiff to make further payments to Defendants on January 30, 2017 and April 17, 2017, in the amounts of $100,000 each, for a total of $200,000.00. Including the previous investments in 2016, Plaintiff paid Defendants a total of $394,008.00.

18. Upon learning that the movie "The First Man In" was not being produced by Defendants and that Defendants had deliberately and intentionally misled and defrauded Plaintiff, Plaintiff made demands for the return of his money on May 24, 2017 and June 14, 2017. On each occasion, Defendants assured Plaintiff that his money would be returned within five days of the request.

19. Upon information and belief, Defendants have not used any of the money transferred by Plaintiff for investment into film projects as represented to Plaintiff. Instead, upon information and belief, Defendants have used that money for their own personal gain and benefit.

20. Defendants did not return any of the money Plaintiff paid to them.

21. Defendants' conduct of inducing Plaintiff to invest in a company based on false promises constitutes fraud, conversion, breach of an oral contract, conspiracy to commit fraud and conversion, unjust enrichment, and unfair business practices.

22. In addition, this is part of a continuing pattern of fraudulent misconduct by Defendants. For example, upon information and belief, Brown was indicted in New York in 2016 for allegedly defrauding victims out of more than twelve million dollars by making false promises and misrepresentations concerning film and documentary projects.

23. As a consequence of the foregoing, Plaintiff has suffered and will continue to suffer significant financial loss.