UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :        16 CR. 436  (KMW)

           -v-          :

STEVEN BROWN,          :

             Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS COUNTS ONE, TWO AND FIVE BASED ON STATUTE OF LIMITATIONS**

WALTER MACK, an attorney duly licensed to practice law before the courts of the State of New York and this court, under the penalties of perjury, affirms and states, based upon my review of records and upon information and belief, as follows:

      1. I submit this Affirmation in Support of the the Motion to Dismiss Counts One, Two and Five to the Extent the Charges Rely on Conduct Outside the statute of Limitations.

      2. Victim-1 commenced a civil lawsuit in connection with Film-2 and resolved all of his claims against Mr. Brown and others in June 2011.  In Paragraph 11 of the settlement, Victim-1 released any and all claims against Mr. Brown in connection with the litigation.

      2. A copy of Settlement and Transfer Agreement is attached hereto as Exhibit A

Dated: New York, New York
      January 29, 2018

                         /s/
                       Walter Mack, Esq.
                       Doar Rieck DeVita Kaley & Mack
                       217 Broadway, Suite 707
                       New York, New York 10007
                       212-619-3730
                       *Attorney for Defendant Steven Brown*

# EXHIBIT A

FOR SETTLEMENT PURPOSES ONLY

## SETTLEMENT AND TRANSFER AGREEMENT

This Settlement and Transfer Agreement (the "Agreement") is made this _____ day of June, 2011 between   *Victim - 1*   and Steven Brown ("Brown"), James David Williams ("Williams"), Remnants Films LLC ("Remnants-Delaware"), Remnants Productions LLC ("Remnants-New York") and Legacy Film Crest, LLC ("Film Crest"). *Victim-1*, Brown, Williams, Remnants-Delaware, Remnants-New York and Film Crest together shall be referred to collectively as the "Parties." Brown, Williams, Remnants-Delaware, Remnants-New York and Film Crest shall be referred to collectively as the "Settling Defendants."

WHEREAS, a dispute exists concerning the rights, title and interests in a motion picture entitled "Remnants," identified by the United States Copyright Office Registration Number PAu003116136 ("Remnants"); and

WHEREAS, a lawsuit was filed by *Victim-1* against Brown, Williams, Remnants-Delaware, Remnants-New York, Film Crest, Zachary Reeves and Oak Porcelli in the Supreme Court of the State of New York, County of New York (the "Court"), Index. No. 651057/2011 (the "Litigation"), concerning the dispute; and

WHEREAS, the Parties now desire to settle the dispute between and among themselves;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, terms and conditions set forth herein, the sufficiency of which is hereby acknowledged by the Parties, it is agreed as follows:

1.   **Dismissal of the Litigation**

Contemporaneously with the execution of this Agreement, the Parties will execute a Stipulation of Discontinuance of the Litigation in the form attached hereto as Exhibit A (the

1

**FOR SETTLEMENT PURPOSES ONLY**

"Stipulation").  The Stipulation shall be with prejudice and without costs or attorney's fees. Victim-1 will file the Stipulation with the Clerk of Court where the Litigation is pending.

2.   **Transfer of Rights**

(a)   Settling Defendants hereby irrevocably grant, transfer, assign and set over unto Victim-1 and his successors and assigns in perpetuity, throughout the universe and exclusively, all rights in and related to Remnants, including but not limited to intellectual property rights and physical rights, now known or hereafter devised, without the necessity of further documentation, including, without limitation, all investments, proceeds, profits, intellectual property, copyrights, plots, themes, titles, ideas, characters, characterizations, and any translations or versions thereof now existing or hereafter created, and all other rights and interests pertaining thereto to which the Settling Defendants have right, title or interest.

(b)   Victim-1 does not assume and is not responsible for any debts, liabilities, tax obligations, claims, liens, entitlements or encumbrances existing on the date of execution of this Agreement except those specifically set forth in Schedule A and Schedule B attached hereto, and only insofar as such obligations are specifically related to Remnants.

(c)   The parties will simultaneously execute the Assignment and Quitclaim Agreement attached hereto as Exhibit B. Victim-1 will file the Assignment and Quitclaim Agreement with the United States Copyright Office as a recordation of the transfer of rights detailed in this Agreement. Any such filing or failure to file does not affect the enforceability of the transfer of rights detailed in this Agreement.

(d)   Victim-1 is hereby empowered to bring, prosecute, defend and appear in suits, actions and proceedings of any kind or nature under or concerning rights in and to Remnants, or with any of the rights hereby granted to Victim-1.



2

**FOR SETTLEMENT PURPOSES ONLY**

(e)     The Settling Defendants warrant that they own all of the intellectual property rights to Remnants, no transfer of the intellectual property rights has previously been made, they have the legal right to transfer to $Victim-1$ the rights set out in this Agreement and that such transfer does not infringe any third parties' rights.

(f)     The Settling Defendants warrant that there are no pending lawsuits, actions, claims, liens or encumbrances pending or threatened concerning any aspect of the rights transferred herein other than the Litigation and that the copyrights transferred herein have not been published in such a way as to lose any of their copyright protection.

3.     **Indemnification**

(a)     The Settling Defendants agree to indemnify and hold $Victim-1$ his successors and assigns harmless from and against all liability, damages, penalties, loss or expense, including reasonable attorney's fees, which may be suffered, incurred or assumed by $Victim-1$ by reason of a breach or failure of any of the Settling Defendants' warranties, covenants or agreements set forth in this Agreement, including but not limited to any debts, liabilities, tax obligations, claims, liens or encumbrances relating to Remnants and existing on the date of execution of this Agreement.

(b)     $Victim-1$ agrees to indemnify and hold the Settling Defendants and their successors and assigns harmless from and against all liability, damages, penalties, loss or expense, including reasonable attorney's fees, which may be suffered, incurred or assumed by the Settling Defendants by reason of a breach or failure of any of $Victim-1's$ warranties, covenants or agreements set forth in this Agreement.

3

FOR SETTLEMENT PURPOSES ONLY

4.    **Additional Documents**

The Settling Defendants agree expeditiously and to use best efforts to execute, acknowledge and deliver to *Victim-1* and to procure the execution, acknowledgment and delivery to *Victim-1* of any additional documents or instruments consistent with this Agreement which *Victim-1* may require to fully effectuate and carry out the intent and purposes of this Agreement.

5.    **Non-Disparagement**

(a)    The Parties agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties, their employees, directors, and officers.

(b)    The Settling Defendants agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize Remnants.

(c)    The Parties acknowledge and agree that these prohibitions extend to statements, written or verbal, made to anyone, including but not limited to, the news media, investors, potential investors, any board of directors or advisory board or directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), and clients.

(d)    The Parties understand and agree that this Section is a material provision of this Agreement and that any breach of this Section shall be a material breach of this Agreement, and that each Party would be irreparably harmed by violation of this provision.

6.    **Breach of the Obligations of this Agreement**

Prior to exercising any rights or remedies arising under this Agreement due to a Party's



4

FOR SETTLEMENT PURPOSES ONLY

material breach of this Agreement, the Party asserting that a material breach has occurred shall give written notice, pursuant to Section 13 of this Agreement, to the party it claims to have caused the material breach of this Agreement. Following receipt of said notice, the Party alleged to have caused the material breach shall have ten (10) days to cure said breach.

If, following that ten-day period, the breach has not been cured, then the Party claiming that a breach has occurred shall have the right, *inter alia*, to pursue all of its rights and remedies against the breaching party under this Agreement.

## 7. <u>Arbitration</u>

In the event of a dispute between the Parties arising out of or concerning this Agreement, such dispute shall be settled by arbitration in accordance with the rules for commercial arbitration of the American Arbitration Association in effect at the time such arbitration is initiated. Such arbitration shall be adjudicated by a three-person Panel and shall take place in New York City. The decision of the Arbitration Panel shall be final and binding upon all Parties.

The prevailing Party shall be awarded all of the filing fees and related administrative costs. Administrative and other costs of enforcing an arbitration award, including the costs of subpoenas, depositions, transcripts and the like, witness fees, payment of reasonable attorney's fees, and similar costs related to collecting an arbitrator's award, will be added to, and become a part of, the amount due pursuant to this Agreement.

## 8. <u>Injunctive Relief Appropriate</u>

The Parties recognize and acknowledge that, without waiving any right to collect damages or obtain any other relief, it may be difficult depending upon the nature of a particular dispute to determine or fix the amount of damages that would be sustained as a result of a breach of this Agreement by any of the Parties. Accordingly, the Parties agree that, in the event of any

5

FOR SETTLEMENT PURPOSES ONLY

breach of this Agreement, the non-breaching Party would suffer irreparable harm and that the entry of injunctive relief would be appropriate. The Parties agree that the breaching Party will not oppose the entry of injunctive relief upon the finding of a court where equitable relief can be sought, notwithstanding Section 7 above, of a violation of this Agreement. The Parties further agree that monetary damages alone are not a sufficient remedy for violation of this Agreement.

9.   **Representations and Warranties**

(a)   Each of the Parties hereby represents and warrants as follows:

(i)   Due Authorization. Each of the Parties has all requisite power and authority to execute, deliver and perform this Agreement, including, but not limited to, the releases contained in Section 11, and no consent or approvals of any other party is needed in connection herewith; and

(ii)   Binding Effect. Upon the full execution and delivery of this Agreement by each of the Parties, this Agreement shall be the legal, valid and binding obligations of each of the Parties, enforceable against each Party in accordance with its terms.

10.   **Tax Consequences**

Each of the Parties agrees that he, she or it is solely responsible for all tax obligations and liabilities, if any, that relate to or arise out of the terms of this Agreement and that exist or may exist relating to Remnants prior to execution of this Agreement or relate to or is a result of actions taken prior to execution of this Agreement.

11.   **Release**

In consideration of the foregoing, the Parties hereby fully and finally release and discharge each other for and from any and all claims, counterclaims, demands, causes of action, liabilities, obligations, damages, costs, expenses, and any form of relief of whatever kind or



6

FOR SETTLEMENT PURPOSES ONLY

nature, whether known or unknown, whether accrued or yet to accrue, whether in law or equity, that have been or could have been or are required to have been asserted in the Litigation and all claims and counterclaims arising from or relating to the Litigation.

**12.     Right to Counsel**

The Parties represent that they fully understand their right to discuss all aspects of this Agreement with an attorney of their choice.   The parties represent that they have carefully reviewed and fully understand all provisions of this Agreement and that they are voluntarily entering into this Agreement.

**13.     Miscellaneous**

(a)     Notices.

All notices, requests, demands and other communications required or permitted under this Agreement shall be in writing and shall be delivered personally, via facsimile transmission (with receipt confirmed) or electronic mail (with receipt confirmed), by a recognized international courier service (with receipt confirmed), or by registered or certified mail, postage prepaid, in each case to the Parties at the addresses and telecopy numbers set forth below (or to such other addresses and telecopy numbers as a Party may have specified by notice given to the other Parties pursuant to this Section 13).   Any notice that is addressed and mailed in the manner herein provided shall be deemed to have been duly given.   Rejection or other refusal to accept or the inability to deliver because of changed address of which no notice was given shall be deemed to be receipt of the notice as of the date of such rejection, refusal or inability to deliver.   The following international delivery services shall be deemed to be "recognized" for the purposes of this Agreement:   DHL, Federal Express, United Parcel Service, Seur and Airborne Express.



FOR SETTLEMENT PURPOSES ONLY

If to Victim 1:
Peter R. Ginsberg
Ginsberg & Burgos, PLLC
12 East 49th Street
New York, New York 10022
(646) 374-0029 (phone)
(646) 355-0202 (facsimile)

If to Settling Defendants:
Barry Jay Reiss
Five Penn Plaza, 19th Floor
New York, New York 10001
(646) 248-6219 (phone)
(212) 849-6816 (facsimile)

(b)     Assignment; Successors; Third Party Beneficiaries.

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns.

(c)     Entire Agreement; Amendment; Waiver; Captions.

This Agreement constitutes the entire agreement, and supersedes all prior and contemporaneous agreements or understandings, whether written or oral, among the Parties with respect to the subject matter hereof. This Agreement may be amended only by a written instrument executed by each of the Parties. No waiver of any provision of this Agreement shall be effective unless made in writing and signed by an authorized representative of the waiving Party. No waiver of any provision of this Agreement shall constitute a waiver of any prior, concurrent or subsequent breach of the same or any other provisions hereof.

(d)     Governing Law.

This Agreement shall be construed under, governed by, and enforced in accordance with the laws of the State of New York, applied without regard to choice-of-law rules.



8

FOR SETTLEMENT PURPOSES ONLY

(e)     Severability.

To the fullest extent that they may effectively do so under applicable law, the Parties hereby waive any provision of law which renders any provision of this Agreement invalid, illegal or unenforceable in any respect.  The Parties further agree that any provision of this Agreement, which, notwithstanding the preceding sentence, is rendered or held invalid, illegal or unenforceable in any respect in any jurisdiction shall be ineffective, but such ineffectiveness shall not render invalid, illegal or unenforceable this Agreement or any of the remaining provisions of this Agreement.

(f)     Counterparts.

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.  For ease of administration, this Agreement may be executed by facsimile or scanned signatures on counterparts.  When all such signatures have been collected, this Agreement shall be final and binding.

(g)     No Admission.  Nothing in this Agreement may be used or construed by any person or entity as an admission of liability by any Party.

(h)     Headings.  The headings in this Agreement are for reference purposes only, do not constitute a part of this Agreement, and shall not affect its meaning or interpretation.

IN WITNESS WHEREOF, the Parties have each executed this Agreement as of the date(s) indicated below.

_____
Victim – 1

Dated: _____



9

FOR SETTLEMENT PURPOSES ONLY

_____
Steven Brown, Individually

Dated: 6-20-11

_____
Steven Brown, Manager, Remnants
Films LLC

Dated: 6-20-11

_____
Steven Brown, Manager, Remnants
Productions LLC

Dated: 6-20-11

_____
James David Williams, Individually

Dated: _____

_____
James David Williams, President,
Legacy Film Crest, LLC

Dated: _____

10

**FOR SETTLEMENT PURPOSES ONLY**

## SCHEDULE A: ENTITLED ACTORS

Victim-1 acknowledges that certain Remnants actors (the "Entitled Actors") claim or may claim an interest in certain residuals pursuant to the terms and conditions of contracts with Remnants-New York, and, insofar as those claims are specifically related to Remnants and the Entitled Actors can provide legally sufficient documentation supported by valid consideration and executed in the ordinary course of Remnants-New York's business establishing those claims, Victim-1 agrees to satisfy those obligations from the net profits resulting from the distribution of Remnants following payment in the ordinary course of obligations due and owing to, *inter alia*, investors in Remnants and reimbursement of the cost of the Litigation. The Entitled Actors are limited to the following:

(a)     Monica Keena;

(b)     Eddie Furlong; and

(c)     Andre Royo.

11

FOR SETTLEMENT PURPOSES ONLY

## SCHEDULE B: INVESTORS

Victim-1 acknowledges that certain persons claim an equity interest in Remnants pursuant to the terms and conditions of contracts with Remnants-New York, and, insofar as those claims are specifically related to Remnants and such persons can provide legally sufficient documentation supported by valid consideration and executed in the ordinary course of Remnants-New York's business establishing those claims, Victim-1 agrees to satisfy those obligations from the net profits resulting from the distribution of Remnants in the ordinary course of obligations due and owing to investors in Remnants who, upon proof of such rights, will receive payment in *pari passu* with other investors similarly entitled following repayment of the cost of the Litigation. Such persons are limited to the following:

(a) Mark Yeh (subject to a maximum entitlement of $184,400.00); and

(b) Peter Evans (subject to a maximum entitlement of $100,000.000).

Initial____                                    Initial____

12

FOR SETTLEMENT PURPOSES ONLY

### EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

VICTIM #1

            Plaintiff,

               v.

STEVEN BROWN, JAMES DAVID WILLIAMS,
REMNANTS FILMS LLC, REMNANTS
PRODUCTIONS LLC, LEGACY FILM CREST,
LLC, ZACHARY REEVES, and OAK PORCELLI,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.651057/2011

**STIPULATION OF
DISCONTINUANCE**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto pursuant to CPLR 3217(a)(2), that:

WHEREAS no party to this action is an infant or a conservatee for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this action;

IT IS THEREFORE AGREED THAT:

This action and all claims or rights of action against Defendants Steven Brown, James David Williams, Remnants Films LLC, Remnants Productions LLC, and Legacy Film Crest, LLC arising therefrom be and hereby are discontinued with prejudice and without costs or disbursements in favor of either party against another; and

IT IS FURTHER AGREED that this stipulation may be filed without further notice with the Clerk of the Court, Supreme Court, New York County; and

IT IS FURTHER AGREED that this Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. For ease of administration, this Stipulation may be executed by



13

**FOR SETTLEMENT PURPOSES ONLY**

facsimile or scanned signatures on counterparts.  When all such signatures have been collected,

this stipulation shall be final and binding.

_____
Victim - 1

Dated: _____

_____
Steven Brown, Individually

Dated: 6-20·11

_____
Steven Brown, Manager, Remnants
Films LLC

Dated: 6-20·11

_____
Steven Brown, Manager, Remnants
Productions LLC

Dated: 6·2ᶜ·11

_____
James David Williams, Individually

Dated: _____

_____
James David Williams, President,
Legacy Film Crest, LLC

Dated: _____

14



FOR SETTLEMENT PURPOSES ONLY

**EXHIBIT B**

**ASSIGNMENT AND QUITCLAIM AGREEMENT**

For good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), Remnants Productions LLC, on its own behalf and on behalf of each of its past, present and future predecessors-in-interest, successors-in-interest, representatives, agents, managers, partners, members, joint venturers, heirs, executors, administrators, attorneys, assigns, parents, subsidiaries, affiliates, officers, directors, shareholders and licensees (collectively, the "Assignors") hereby exclusively and perpetually quitclaim, relinquish and irrevocably assign and convey to Victim-1 and his successors, licensees, and assigns any and all of the Assignors' past, present, or future copyright ownership, co-ownership, title, or interest (and all renewals and extensions thereof), or any other claim of ownership, right or interest (and all renewals and extensions thereof), or any other claim of ownership, right or interest in or to the motion picture Remnants, identified by the United States Copyright Office Registration Number PAu003116136. For the avoidance of doubt, this Assignment and Quitclaim Agreement assigns to Victim-1 , without limitation, any and all right, title and interest worldwide to all copyrights in Remnants and all other rights in Remnants (including without limitation economic rights and moral rights) now in existence or later created (including without limitation renewals and extensions thereof) throughout the universe in perpetuity, for use in any and all media now in existence or later discovered, without the necessity of any future consideration or payment of royalties. This assignment of all copyrights, rights under copyright and moral rights in Remnants is not terminable or subject to reversion.

As part of this Assignment and Quitclaim Agreement, the Assignors hereby exclusively and irrevocably assign, transfer and convey to Victim-1 in perpetuity any and all registrations for Remnants which the Assignors have obtained from the United States Copyright Office and any and all foreign copyright registrations for Remnants.

_____
Thomas Conigliaro

Dated: _____

_____
Steven Brown, Manager, Remnants
Productions LLC

Dated: 6-2-2011

15