UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,          :

        v.                                           :       16 Cr. 436 (KMW)

STEVEN BROWN,                              :

        Defendant.                          :
- - - - - - - - - - - - - - - - - - - - - • - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNTS ONE, TWO AND FIVE OF THE
SUPERSEDING INDICTMENT TO THE EXTENT THE CHARGES
RELY ON CONDUCT OUTSIDE THE FIVE-YEAR STATUTE OF
LIMITATIONS PERIOD, AND TO STRIKE PARAGRAPHS 4 THROUGH 10**

DOAR RIECK KALEY & MACK
Walter Mack
David Rivera
Michael Minnefor
217 Broadway, Suite 707
New York, New York 10007
Tel: 212-619-3730
Fax: 212-962-5037
*Attorneys for Defendant Steven Brown*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .............................................. ii

BACKGROUND ....................................................... 1

ARGUMENT ......................................................... 3

    I.    THE CHARGES PREMISED ON 2009-2010 CONDUCT
         ARE BARRED BY THE STATUTE OF LIMITATIONS ............... 3

    II.   REFERENCES TO THE 2009-2010 CONDUCT IN
         PARAGRAPHS 4 THROUGH 10 OF THE SUPERSEDING
         INDICTMENT SHOULD BE STRICKEN AS HIGHLY
         PREJUDICIAL AND CONFUSING ............................ 5

CONCLUSION ....................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Banks v. McGhee,*
   99 F.3d 1128 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pendergast v. United States,*
   317 U.S. 412 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Toussie v. United States,*
   397 U.S. 112 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Anghaie,*
   2011 WL 720044 (N.D. Fla. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Hogan,*
   856 F. Supp. 421 (N.D. Ill. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Koh,*
   968 F. Supp. 136 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Sleugh,*
   2015 WL 3866270 (N.D. Calif. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Tadros,*
   310 F.3d 999 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Zvi,*
   242 F.3d 89 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**AUTHORITIES**

18 U.S.C. § 3282(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Evid. 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,                :

        v.                                                          :         16 Cr. 436 (KMW)

STEVEN BROWN,                                   :

              Defendant.              :
- - - - - - - - - - - - - - - - - - - - -  - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS ONE, TWO AND FIVE OF THE SUPERSEDING INDICTMENT TO THE EXTENT THE CHARGES RELY ON CONDUCT PRECEDING THE FIVE-YEAR STATUTE OF LIMITATIONS PERIOD, AND TO STRIKE PARAGRAPHS 4 THROUGH 10

### BACKGROUND

The Superseding Indictment, filed on December 7, 2017, alleges that "[i]n or about 2009" Mr. Brown met with and made representations to Victim-1 and recruited him to invest in Film-1. Superseding Indictment at ¶ 4.[1] Also, "in or about 2009" Mr. Brown solicited Victim-1, including by email and in telephone calls, to invest in Film-2. *Id.* at 5. Based in part on these representations, Victim-1 invested $200,00 "in or about October 2009." *Id.* at ¶ 6. In reliance on further allegedly false representations, Victim-1 invested an additional $65,000 "on or about December 3, 2010." *Id* at ¶ 8.

The next alleged criminal act referenced in the Superseding Indictment relates to another victim and took place more than two years later in April 2013. *Id.* at ¶ 11.

The Superseding Indictment neglects to mention the fact that Victim-1 commenced a civil

---

[1] The allegations regarding the 2009-2010 conduct were not part of the Initial Indictment in this case.

lawsuit and resolved all of his claims against Mr. Brown and others in June 2011. (*See* Exhibit A to Mack Affirmation in Support of Motion to Dismiss Counts One, Two and Five Based on Statute of Limitations, affirmed January 22, 2018). As part of the settlement, Victim-1 released "any and all claims ... of whatever kind or nature" against Mr. Brown in connection with the litigation.

Now, more than eight years after the conduct alleged with respect to Victim-1 – and well past the applicable five-year statute of limitations – the Superseding Indictment seeks to resurrect those claims and to make them the basis for asserting criminal charges against Mr. Brown. Count Two of the Superseding Indictment specifically charges Mr. Brown with wire fraud based on the 2009-2010 conduct. *See id.* at ¶ 65 (incorporating "paragraph 1 through 62," including the 2009-2010 conduct alleged in Paragraphs 4 through 10) and ¶ 66 ("From at least in or about 2009 ... "). Likewise, Count One charges Mr. Brown with conspiracy to commit wire fraud based in part on his conduct toward Victim-1. *Id.* at ¶ 64. And Count Five for conspiracy to commit money laundering likewise relies upon the 2009-2010 conduct alleged in Paragraphs 4 through 10. *Id.* at ¶¶ 73-74.[2]

The charges premised on 2009-2010 conduct should be dismissed as untimely. Furthermore, all criminal conduct described in Paragraphs 4 through 10 is outside the five-year statute of limitations and should be stricken from the Superseding Indictment as highly prejudicial to Mr. Brown and confusing to the jury.

---

[2] Counts Three and Four are directed strictly to conduct against Victim-9 and a California Entertainment Agency, respectively

## ARGUMENT

### I.

### THE CHARGES PREMISED ON 2009-2010 CONDUCT ARE BARRED BY THE STATUTE OF LIMITATIONS

Statutes of limitation are intended to protect individuals from the unfairness of prosecution after significant periods of time have elapsed since the alleged commission of the offenses, as evidence becomes lost or destroyed and memories fade. *United States v. Anghaie*, 2011 WL 720044 (N.D. Fla. 2011) (dismissing wire fraud and money laundering offenses barred by the five-year statute of limitations). Additionally, such time limits also serve "the salutory effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." *Toussie v. United States*, 397 U.S. 112, 115 (1970). For this reason, it is well-settled that "criminal limitations statutes are to be liberally interpreted in favor of repose[.]" *Id.*

The applicable statute of limitations set forth in 18 U.S.C. § 3282(a) states that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed." This five-year statute of limitations period applies both to wire fraud and money laundering offenses. *United States v. Zvi*, 242 F.3d 89, 97 (2d Cir. 2010); *United States v. Koh*, 968 F. Supp. 136, 137 (S.D.N.Y. 1997).

In this case, the Superseding Indictment brings charges premised on conduct alleged to have taken place in 2009 and 2010 against a newly designated Victim-1 – conduct that was not alleged in the Initial Indictment. The Superseding Indictment was filed on December 7, 2017,

well beyond the five-year statute of limitations.[3] The government, however, ignores the statute of limitations by relying on alleged 2009-2010 conduct with respect to Victim-1 to form the basis of Counts One, Two and Five. *See* Count I ¶ 64 (conspiracy to commit wire fraud against "*Victim 1* through Victim-8"); Count Two ¶ 66 (wire fraud relating to "*Victim-1* through Victim-8"); Count Five ¶ 73 (the conspiracy to commit money laundering count refers to no specific victims but incorporates "paragraphs 1 through 62"). Counts Three and Four, while also incorporating the preceding "paragraphs 1 through 62," charge Mr. Brown only with crimes against Victim-9 and a California Entertainment Agency, respectively, not Victim-1. *See* Superseding Indictment at p. 25 ("Count Three (Conspiracy to Commit Wire Fraud - *Victim-9*) and p. 27 ("Count Four - Conspiracy to Commit Wire Fraud - *the Entertainment Agency*") (emphases added).

The statute of limitations begins to run when the crime is completed, and a crime is completed when each element of the offense has occurred. *Toussie, supra*, 397 U.S. at 123. With respect to Victim-1, the crimes set forth in Counts One, Two and Five (conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering) were allegedly committed and completed in 2009-2010, at which point the limitations period began to run. *See Pendergast v. United States*, 317 U.S. 412, 418 (1943). For wire fraud, the limitations period begins to run from the date of the allegedly fraudulent transmission, *see United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002), and for money laundering when the deposit was initiated by delivery of the check. *United States v. Hogan*, 856 F. Supp. 421, 424 (N.D. Ill. 1994).

---

[3] Had the 2009-2010 conduct been alleged in the Initial Indictment filed on July 21, 2016, it too would have been beyond the five-year period.

4

With respect to Victim-1, the transmission of information and the deposit of funds occurred in 2009 and 2010. Superseding Indictment ¶¶ 4-10. Accordingly, Mr. Brown cannot be found guilty of the substantive crime of wire fraud with respect to Victim-1 (Count Two) without violating the five-year statute of limitations.

With respect to the conspiracy charges relating to Victim-1 (Counts One and Five), any charges premised upon the 2009-2010 conspiratorial conduct is also time-barred. Indeed, civil litigation ensued and resulted in a settlement agreement in which Victim-1 released his claims against Mr. Brown in June 2011 in exchange for the transfer of movie rights and no cash payment. (Mack Aff., Ex. A). The purported wire fraud and any alleged conspiracies with respect to Victim-1 thus came to an end – at the absolute latest – in June 2011 and the statute of limitations expired in June 2016. Indeed, no other conspiratorial conduct is even alleged in the Superseding Indictment to have taken place until *April 2013* – a gap in time reflective of the fact that Mr. Brown and Mr. Williams were involved in other, separate projects and business activities during this interim period. Any "conspiracy" with respect to Victim-1 had ended in mid-2011 at the latest.

It bears emphasis that Mr. Brown is being *charged* with the time-barred conduct set forth in Paragraphs 4 through 10 of the Superseding Indictment. In other words, if the jury were to find Mr. Brown not guilty of alleged crimes with respect to Victims 2 through 8, it could still convict him of Counts One, Two and Five based exclusively on the 2009-2010 conduct in the Superseding Indictment as drafted. This is improper and Mr. Brown should not be forced to defend himself against these stale and time-barred claims. To the extent Counts One, Two and Five are based on 2009-2010 conduct, they should be dismissed and Paragraphs 4-10 should be

5

stricken.

## II.

## REFERENCES TO THE 2009-2010 CONDUCT IN PARAGRAPHS 4 THROUGH 10 SHOULD BE STRICKEN FROM THE SUPERSEDING INDICTMENT AS HIGHLY PREJUDICIAL AND CONFUSING

If the Court grants the motion to dismiss Counts One, Two and Five to the extent those counts rely on conduct outside the statute of limitations, the allegations with respect to Victim-1 set forth in Paragraphs 4 through 10 should be stricken from the Superseding Indictment as highly prejudicial and confusing to the jury. Those allegations are incorporated by reference in Counts Three and Four -- but those factual allegations have nothing to do with Victim-9 or the California Entertainment Agency. Furthermore, no evidence should be allowed to be introduced on this subject under Rule 404(b) of the Federal Rules of Evidence since its probative value is outweighed by the prejudice to Mr. Brown. It would be confusing to the jury and prejudicial to Mr. Brown to have to take a detour from vigorously defending against timely claims to address stale allegations pertaining to the accuracy of representations about state tax credits made to Victim-1 more than eight years ago in 2009. Such evidence would be prejudicial to the extent it demonstrates bad character from which the jury is to infer a propensity to commit the timely charged criminal acts. *See Banks v. McGhee*, 99 F.3d 1128 at *1 (1st Cir. 1996) (unreported) (excluding evidence under Fed. R. Evid. 404 (b) of unrelated disciplinary action as highly prejudicial "bad character" evidence); *United States v. Sleugh*, 2015 WL 3866270 at *6 (N.D. Calif. 2015) (excluding evidence of crime committed six years earlier since probative value outweighed by danger of unfair prejudice).

For these reasons, Paragraphs 4 through 10 of the Superseding Indictment should be stricken.

## CONCLUSION

For the foregoing reasons, Counts One, Two and Five should be dismissed to the extent they rely on Paragraphs 4 through 10 to charge Mr. Brown with crimes against Victim-1. Furthermore, those paragraphs should be stricken from the Superseding Indictment on the grounds they are highly prejudicial to Mr. Brown and confusing to the jury.

Dated: New York, New York
      January 29, 2018

Respectfully submitted,

DOAR RIECK KALEY & MACK

By:     /s/
Walter Mack
David Rivera
Michael Minnefor
217 Broadway, Suite 707
New York, New York 10007•2911
Tel: 212-619-3730
Fax: 212-962-5037
*Attorneys for Defendant Steven Brown*