

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 16, 2018

**Via ECF and By Email**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    <u>United States</u> v. <u>Gerald Seppala</u>
               16 Cr. 436 (KMW)

Dear Judge Wood:

      The Government submits this letter in response to the Court's July 16, 2018 order requesting that the Government provide additional information regarding "the terms of custody imposed on similarly situated individuals." (Dkt. No. 245).

      A chart below provides a summary of recent cases where a defendant was sentenced for misdemeanor bank larceny, in violation of Title 18, United States Code, 2113(b):

| Case Name, Docket Number, Judge Assigned | Guidelines Range | Description of Offense Conduct and Other Relevant Information | Sentence Imposed |
|---|---|---|---|
| <u>US v. Daniel Huang</u>. 16 Cr. 577 (Freeman, USMJ) | 6-12 months | Participation in check kiting scheme with $75,000 loss attributable to the defendant. | 2 years' probation |
| <u>US v. Richard Denman</u>, 16 Cr. 90 (Nathan, USDJ) | 12 months | Defendant embezzled over $800,000 from elderly heirs to an estate and used the funds to, among other things, issue checks to himself and his family, and to pay for personal expenses. Defendant suffered from serious health issues. | 6 months' home confinement |

The Honorable Kimba M. Wood
July 16, 2018
Page 2 of 3

| Case Name, Docket Number, Judge Assigned | Guidelines Range | Description of Offense Conduct and Other Relevant Information | Sentence Imposed |
|---|---|---|---|
| US v. Nathan Pineda, 16 Cr. 539 (Pitman, USMJ) | 0-6 months | Defendant opened a bank account in the name of a fictitious entity, deposited a check that was not intended for him, and withdrew funds from this account to which he was not entitled. | 4 years' probation |
| US v. Aidekman, 14 Cr. 304 (Berman, USDJ) | 12 months | Defendant stole approximately $100,000 from a 401k plan that was owing to his employees. | 5 years' probation |
| U.S. v. Luis Caballero, 16 Cr. 750 (Rakoff, USDJ) | 0-6 months | Participation in retail theft ring. Defendant played a minor role and received a two-level reduction. Defendant withdrew $800 that the defendant knew properly belonged to a retail store. | 1 year probation |
| US v. Barbara Donkor, 15 Cr. 672 (Oetken, USDJ) | 0-6 months | Defendant stole approximately $800 from an ATM. | 2 years' probation |
| United States v. Joel H. Mingo Lamar, 18 Cr. 107 (Aaron, USMJ) | 0-6 months | The defendant deposited 109 stolen checks into bank accounts that he controlled. | Time-served (no time) |

  While it is true that many defendants who are convicted for violating Title 18, United States Code, Section 2113(b) receive non-incarceratory sentences, the conduct in those cases is readily distinguishable from the offense conduct in the instant case. First, the loss amount stemming from Seppala's conduct exceeds $1 million. This is not true in any of the other cases cited above in which a defendant received a non-incarceratory sentence. Second, in this case, but for the statutory maximum of 12 months' imprisonment, the Guidelines range would be 24 to 30 months' imprisonment. Finally, the defendant's conduct in this case impacted numerous victims, wrought significant financial hardship on those victims, and was not limited to a few isolated bad acts.

  Of the cases cited above, *United States v. Denman*, 16 Cr. 90 (AJN) is the most analogous. In *Denman*, the defendant embezzled over $800,000 from an estate and used the proceeds to pay for his personal expenses. A transcript of the sentencing proceeding in *Denman* is attached as

The Honorable Kimba M. Wood
July 16, 2018
Page 3 of 3

Exhibit A to this letter.  The defendant's serious health issues were a significant factor in the Court's decision to impose a period of 6 months' home confinement, rather than a period of incarceration (Exhibit A at 25).  Indeed, in imposing sentence Judge Nathan stated that "but for those health conditions, certainly a term of imprisonment would be appropriate, and my conclusion as to the nonincarceratory nature of the sentence I will impose should not diminish in any way my view that Mr. Denman has committed a very serious offense."  (*See* Exhibit A at 25-26).  Furthermore, the Government conceded that home confinement would be appropriate given those health issues.  (*See* Exhibit A at 17).

But here, there are no mitigating health issues that would warrant the non-incarceratory sentence that the defendant seeks.  And of the cases cited above, Seppala's conduct is far more akin to *Denmam* than any other case due to the seriousness of the defendant's conduct and the lasting financial harm that was imposed on numerous victims as a result of the crime.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: 

Noah Solowiejczyk
Katherine Reilly
Assistant United States Attorney
Southern District of New York
(212) 637-2473/6521

cc:   Annalisa Miron, Esq. (via ECF)
      Ian Marcus Amelkin, Esq. (via ECF)