**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

July 17, 2018

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Gerald Seppala**
      **S2 16 Cr. 436 (KMW)**

Dear Judge Wood:

    Gerald Seppala is set to be sentenced today in this case after he pleaded guilty to misdemeanor bank fraud, in violation of 18 U.S.C. § 2113(b). We write to address the Court's order from yesterday, July 16, 2018, as what sentences have been imposed upon similarly situation individuals. See United States v. Seppala, 16 Cr 436 (KMW), ECF No. 245 (Jul. 16, 2018).

    We have reviewed the Southern District's CM/ECF Docket Sheets going back to 2010 and found 21 examples of defendants who pleaded guilty to 18 U.S.C. § 2113(b). Of those 21 individuals, **zero** were sentenced to a term of imprisonment. For the Court's convenience we have compiled a table of the cases, the dispositions, and a short summary of what those cases involved:

|   | CASE | DISPOSITION | NOTES[1] |
|---|------|-------------|----------|
| 1 | US v. Mingo-Lamar, 18 Cr 107 (SDA) | Time served (amounted to a week in custody due to immigration hold) with two years' supervised release, restitution totaling $999 | Defendant deposited stolen checks totaling over $100,000 in his business account. |

---

[1] These summaries were taken from the Government's sentencing submission where available or from the complaint when the Government did not file a sentencing letter.

| | | | |
|---|---|---|---|
| 2 | US v. Boyce, 17 Cr 752 (KHP) | Five years' probation, restitution totaling $27,935 | Defendant stole money from her place of employment—Baruch College—and deposited it in her personal accounts. |
| 3 | US v. Montijo, 17 Cr 518 (BCM) | Three years' probation, restitution of $333,366 | Defendant induced multiple people to send her money for deposits on houses that she did not own, cashed multiple fraudulent checks, and committed multiple acts of wire fraud. According to Defendant's sentencing submission, a person she met on Match.com was the leader of the scheme. |
| 4 | US v. Jackson, 16 Cr 750 (JSR) | In a multi-defendant case, Luis Caballero was sentenced to one year of probation with $800 in restitution while other defendants, who pleaded guilty to felonies, were sentenced to terms of imprisonment | The Defendant was part of a larger group of individuals who stole over $1.9 million from Macy's. The defendants would steal employee pins and then use them to make fraudulent returns or give out free gift cards. |
| 5 | US v. Pineda, 16 Cr 539 (HBP) | Four years' probation | The Defendant deposited a stolen $50,000 check and spent the proceeds |
| 6 | US v. Denman, 16 Cr 90 (AJN) | Six months of home confinement and $864,783.13 in restitution | The Defendant's Guideline Range was 12 months. The Defendant was an attorney who took over $800,000 from elderly heirs to an estate from money that he was required to hold in escrow. |
| 7 | US v. Trevino, 16 Cr 40 (GWG) | Five years' probation and $35,178.78 in restitution | The Defendant's Guideline Range was 12 months. The Defendant stole checks from his employer and sent them to himself and student loan lenders |

|    |                                  |                                                                                                                         |                                                                                                                                                                       |
|----|----------------------------------|-------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                                  |                                                                                                                         | in the amount of $291,482.49.                                                                                                                                         |
| 8  | US v. Donkor, 15 Cr 672 (JPO)    | Two years' probation and $800 in restitution                                                                            | The Defendant took part in a scheme to cash stolen checks.                                                                                                            |
| 9  | US v. Nemirovkskiy, 15 CR 300 (KNF) | Three years' probation and $600 in restitution                                                                       | The Defendant stole multiple checks.                                                                                                                                  |
| 10 | US v. Logan, 14 Cr 593 (JGK)     | Five years' probation and $572,800 in restitution                                                                       | The Defendant's Guideline Range was 12 months. The Defendant stole hundreds of thousands of dollars from a person who received a financial settlement after suffering from lead paint poising. |
| 11 | US v. Patel, 14 Cr 559 (JLC)     | Five years' probation and $100,400 in restitution                                                                       | The Defendant deposited multiple stolen checks.                                                                                                                       |
| 12 | US v. Aidekman, 14 Cr 304 (RMB)  | Five years' probation and $110,819.97 in restitution                                                                    | The Defendant stole from his former employees' retirement funds to cover personal expenses.                                                                           |
| 13 | US v. Blake, 14 Cr 98 (VM)       | In a multi-defendant case, Defendant Crystal Moss received two years' probation and four months electronic monitoring   | The Defendant participated in a scheme in which she tricked elderly individuals to believe they won the lottery and then asked victims to send money to cover taxes and expenses before paying them winnings. |
| 14 | US v. Bolden, 12 Cr 757 (LAK)    | Three years' probation and $23,081.17 in restitution                                                                    | The Defendant deposited a stolen check.                                                                                                                               |
| 15 | US v. Reid, 12 Cr 608 (HBP)      | Two years' probation (to be terminated after one year if the Defendant is fully compliant) and $11,512.60 in restitution | The Defendant cashed a refund check that a co-defendant who worked for the IRS sent to her fraudulently.                                                              |
| 16 | US v. Douglas, 12 Cr 463 (KNF)   | Eighteen months' probation and 100 hours of community service.                                                          | The Defendant deposited stolen money in his bank account.                                                                                                             |

| 17 | US v. Vaillant, 11 Cr 834 (KNF) | Eight months' probation and $327,250 in restitution | The Defendant acted as a straw purchaser for four mortgages and fraudulently received four loans. |
|----|----|----|----|
| 18 | US v. Headley, 11 CR 122 (FM) | Three years' probation | The Defendant received loan proceeds from a bank to which he was not entitled. |
| 19 | US v. Stroud, 10 Cr 745 (FM) | One-year probation and $977.28 in restitution | The Defendant cashed a counterfeit check. |
| 20 | US v. Serpionov, 10 Cr 485 (THK) | One-year probation, six months home confinement, $2,000 fine, and $2,052 in restitution | The Defendant used forged bank cards to withdrawn money out of ATMs from accounts that did not belong to him. |
| 21 | US v. Kashanchi, 10 Cr 85 (DAB) | One-year supervised release and $75,000 in restitution | The Defendant's Guideline Range was 12 months. The Defendant's brother in law stole $300 million from multiple financial institutions. The Defendant assisted this by creating doctored financial statements. |

A similar result is warranted here. Mr. Seppala is a first time, non-violent offender who has been fully complaint with the terms of pre-trial supervision for the past two years since he was arrested. He has lost his home, his business, and his reputation since this case began, but he has continued to try to make amends and do the right thing for his family and to better himself. He has agreed to pay a large sum of restitution—far more than the amount he is legally obliged to pay after having pleaded guilty to a misdemeanor, where the restitution amount can be capped at $1,000. See United States v. Mingo-Lamar, 295 F. Supp. 3d 376, 380–81 (S.D.N.Y. 2018) (holding that the "offense of conviction" determines the amount a defendant pays in restitution, and that restitution for 18 U.S.C. §2113(b) should be capped at $1,000); see also United States v. Gushlak, 782 F.3d 184, 195 n.7 (2d Cir. 2013) ("As a general matter, restitution is permitted "only for an amount of loss caused by the specific conduct forming the basis for the offense of conviction, although the parties may provide otherwise in their plea agreement.") (internal citations omitted). This financial penalty, coupled with his misdemeanor conviction, and a sentence of probation is the most appropriate sentence given that **no other misdemeanant**

*convicted of the same crime has been sent to jail* in this District for at least the past eight years.[2]

The Government entered into an agreement with Mr. Seppala that allowed him to plea to a lesser count—a misdemeanor—in part because they recognize that he was far less involved in this fraud than his co-defendants. Mr. Seppala is guilty of this offense because he provided investors with misleading information in order to secure their investment, and he is deeply sorry for his actions. However, he was also kept in the dark about much of his co-defendants acts and misdeeds. Now that he is fully aware of the scope of their scheme, what occurred, and the pain caused to the victims of this case, he is deeply mortified and will work tirelessly to pay for his portion of the large restitution that the Court will order. He will not reoffend, needs no further deterrence, and he has fully learned his lesson.

Given Mr. Seppala's background, charitable contributions, strong family commitments, his minor role in the offense, and the similarly-situated defendants discussed above, we respectfully request that the Court impose a non-incarceratory sentence.

Sincerely,

/s/IMA
Ian Marcus-Amelkin
Annalisa Mirón
Federal Defenders of New York, Inc.
Attorneys for Gerald Seppala
(212) 417-8733/8780

---

[2] The Government argues that Mr. Seppala's actions are most akin to the defendant in Denman, and had that defendant been physically healthy, he would have gone to jail. That may be so, but these defendants are not similar. The defendant in Denman was an attorney who took advantage of his fiduciary role to defraud elderly and vulnerable victims. He was the leader of the fraud and the one who profited directly from the scheme. Here, Mr. Seppala was not the leader, there are no vulnerable victims, and Mr. Seppala did not have a fiduciary duty to the victims of this case. He also profited far less than his co-defendants, who are accused to have spent lavishly the profits of this scheme. See generally United States v. Denman, 16 Cr 90 (AJN), ECF No. 46 (Jun. 20, 2016) (Government's sentencing submission).